UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| HANSEN MANUFACTURING CORP., | ) | CIV. 11-4030-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING DEFENDANT'S |
| | ) | THIRD MOTION TO STAY |
| INTERSYSTEMS INTERNATIONAL, | ) | PROCEEDING AND GRANTING |
| INC., formerly known as Enduro | ) | PLAINTIFF'S SECOND MOTION TO |
| Systems, Inc., d/b/a Intersystems, | ) | AMEND |
| | ) | |
| Defendant. | ) | |

Plaintiff, Hansen Manufacturing Corp., filed suit against defendant,
Intersystems International, Inc., formerly known as Enduro Systems, Inc.,
d/b/a Intersystems (Intersystems), alleging a patent infringement cause of
action. Intersystems' motion to stay this action pending reexamination of the
patent-in-suit by the Patent and Trademark Office (PTO) was granted upon
reconsideration on February 6, 2012. Docket 50. The stay was lifted on April 3,
2012, after the PTO finished its reexamination. Docket 62. Intersystems now
moves again to stay the proceedings pending *ex parte* reexamination of the
patent-in-suit by the PTO. Docket 92. Hansen opposes the motion. Hansen
moves to file a second supplemental and amended complaint and to amend the
scheduling order. Docket 102. Because the PTO has agreed to a second
reexamination of the patent-in-suit, the motion to stay is granted. Additionally,
the motion to amend the complaint is granted.

**BACKGROUND**

Hansen's U.S. Patent No. 6,044,965 ('965 patent or patent-in-suit) is entitled "Troughing Idlers for Belt Conveyors." The patent is directed to an enclosed belt conveyor system with a horizontal shaft and cantilevered side rollers supporting a conveyor belt. The '965 patent covers Hansen's commercially-successful HiLife® conveyor system.

Hansen filed suit on February 28, 2011, alleging that Intersystems' RollerFLO 3i product, which Intersystem released three days before Hansen filed its complaint, infringes claims 1-3 of the '965 patent. Intersystem and Hansen are direct competitors.

The parties are currently in the discovery phase of litigation. Intersystems filed its opening claim construction brief and Hansen responded.

In granting Intersystems' second *ex parte* reexamination request, the PTO found substantial new questions of patentability affecting claims 2 and 19-40 of the '965 patent. Docket 101-1 at 4. The PTO noted that substantial new questions of patentability were raised in the reexamination request which had not been decided in the previous examination of the '965 patent and that there was a substantial likelihood that a reasonable examiner would consider these issues important in deciding whether or not the claims are patentable. Docket 101-1 at 7-10.

**DISCUSSION**

Under 35 U.S.C. § 302, "[a]ny person at any time" can request the PTO to reexamine a patent. At the conclusion of the reexamination, the PTO will issue a certificate finding one of the following three scenarios: (1) the claims are found unpatentable and are canceled; (2) the claims are found patentable and are confirmed; or (3) amendments or new claims found to be patentable can be incorporated into the patent. 35 U.S.C. § 307.

District courts have the "inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). Congress intended courts to liberally grant stays pending PTO reexamination. *Inteplast Group, LTD v. Coroplast, Inc.*, No. 4:08-cv-1413, 2009 WL 1774313, at *1 (E.D. Mo. June 23, 2009) ("[S]everal courts have observed that sponsors of the patent reexamination legislation favored stays by district courts pending reexamination in order to settle disputes more quickly at a lower cost, and to provide courts with the benefits of the PTO's experience." (citing *Lifeline Techs., Inc. v. Archer Daniels Midland Co.*, No. 4:08-cv-279, 2009 WL 995482, at *2 (E.D. Mo. Apr. 14, 2009))). Courts have followed this congressional preference and routinely grant stays when the PTO has granted reexamination. *Card Tech. Corp. v. DataCard Corp.*, No. 05-2546, 2007 WL 2156320, at *3 (D. Minn. July 23, 2007) ("[C]ourts 'routinely' grant such stays where the circumstances warrant." (citing *CNS, Inc. v. Silver Eagle*

3

*Labs, Inc.*, No. Civ. 04-968, 2004 WL 3631121, at *1 (D. Minn. Nov. 29, 2004)));
*see also Middleton, Inc. v. Minn. Mining & Mfg. Co.*, No. 4:03-cv-40493, 2004
WL 1968669, at *3 (S.D. Iowa, Aug. 24, 2004) ("Courts have routinely stayed
infringement actions pending the outcome of reexamination proceedings"
(citing *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97-civ-8815, 2000
WL 1134471, at *2 (S.D.N.Y. Aug. 10, 2000))).

Courts consider three factors in deciding whether a stay should be
granted: "(1) whether discovery is complete and a trial date has been set;
(2) whether a stay of litigation will simplify the issues in question and facilitate
the trial of the case; and (3) whether a stay would unduly prejudice the non-
moving party or would present a clear tactical disadvantage for that party."
*Inteplast*, 2009 WL 1774313, at *1 (citing *Watlow Elec. Mfg. Co. v. Ogden Mfg.
Co.*, No. 4:05-cv-2094, 2006 WL 1892546, at *1 (E.D. Mo. July 10, 2006)). "In
other words, based on these factors the Court determines whether benefits of a
stay outweigh the associated costs." *Middleton*, 2004 WL 1968669, at *3.

## 1.   Timing

Under the first factor, the court considers at what point in the litigation
the reexamination was requested, including whether discovery is complete and
whether a trial date has been set. The parties are currently in the discovery
phase of litigation. They have provided their infringement contentions and
invalidity contentions to one another. Intersystems has filed its opening claim
construction brief and Hansen has responded. A *Markman* hearing has not

4

been held. Moreover, Hansen is moving to amend its complaint and seeking an amendment of the court's scheduling order to add deadlines for filing supplemental infringement contentions and claims chart, responses to the contentions and chart, supplemental invalidity contentions and responses, and extensions of the previously scheduled deadlines for discovery and summary judgment motions. While the case has progressed more than when the first stay was granted, it is still in the early stages.

Because the parties are still in the initial stages of litigation, the first factor weighs in favor of granting the stay. *See, e.g.*, *CNS, Inc.*, 2004 WL 3631121, at *1 (granting a stay where the case was "in the early stages of discovery and there [were] obvious efficiencies to be gained" by waiting for the PTO's decision); *cf. Middleton*, 2004 WL 1968669, at *5, *10 (granting a stay even though the summary judgment motions had been fully briefed and discovery was essentially complete because of the efficiencies to be gained in waiting on the PTO's decision).

## 2. Simplify the Issues

Under the second factor, the court considers whether the PTO's reexamination will simplify the issues. Courts have identified various advantages that may result from staying patent litigation during the PTO's reexamination:

> 1. All prior art presented to the Court will have been first considered by the PTO, with its particular expertise.

5

> 2. Many discovery problems relating to prior art can be alleviated by the PTO examination.
>
> 3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed.
>
> 4. The outcome of the reexamination may encourage a settlement without the further use of the Court.
>
> 5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation.
>
> 6. Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination.
>
> 7. The cost will likely be reduced both for the parties and the Court.

*Middleton*, 2004 WL 1968669, at *3 (citations omitted); *Card Tech.*, 2007 WL 2156320, at *4 (same). The court finds that all of these factors weigh in favor of granting the stay.

Even if reexamination does not result in the elimination of some of the issues remaining in the pending litigation, the reexamination will likely result in a narrowing and simplifying of the issues before the court. *Middleton*, 2004 WL 1968669, at *3 (citations omitted). The PTO's expertise will also be helpful to the court on any issues that remain. *Id.* (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Thus, the second factor weighs in favor of granting the stay.

### 3.    Prejudice

Under the third factor, Hansen argues that it would be unduly prejudiced because Intersystems, its direct competitor, will be provided an

unfair tactical advantage by the filing of serial reexamination requests to avoid resolution of Hansen's infringement allegations. Intersystems responds that money damages are sufficient to compensate Hansen if it prevails. Repeated requests for *ex parte* reexaminations of the patent by the PTO may rise to the level of a showing of prejudice. *See e.g., Voda v. Medtronic Inc.,* 2011 WL 10636286, No. Civ-09-05 (W.D. Okla. Jan. 31, 2011) (motion to stay denied where defendant filed three requests for *ex parte* reexamination of the patent in suit). Under the circumstances here, however, the court finds that the second request for reexamination does not appear to be merely raised as a dilatory tactic. Hansen has not alleged any other prejudice that was not addressed in the court's prior order granting the first stay. Thus, the third factor weighs in favor of granting the stay. The court notes, however, that should Intersystem move a third time for an *ex parte* reexamination of the patent and then move this court to again stay the litigation, the court will view this request very skeptically.

## CONCLUSION

Intersystems moves for a second stay pending the outcome of the PTO's second reexamination. All three factors weigh in favor of granting the stay because this action is in the early stages of litigation, the PTO's decision will simplify the issues, and Hansen will not be prejudiced from a stay. Thus, Intersystems' motion for a stay is granted. Before the stay goes into place, however, Hansen's motion to file a second supplemental and amended

complaint is granted. Hansen's motion to amend the scheduling order is denied as moot. A new scheduling order will be issued after the stay is lifted. Accordingly, it is

ORDERED that defendant's motion to stay litigation (Docket 92) is granted. This action is stayed pending reexamination of United States Patent No. 6,044,065 by the PTO.

IT IS FURTHER ORDERED that counsel for the parties will submit a joint report to the court every four months describing the status of the proceeding before the PTO, the first of which will be filed no later than four months from the date of this order.

IT IS FURTHER ORDERED that plaintiff's motion to file a second supplemental and amended complaint and to amend the scheduling order (Docket 102) is granted in part and denied in part. Plaintiff should file the second supplemental and amended complaint by **February 14, 2014**.

Dated January 29, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

8